[Civ. No. 5554. First Appellate District, Division Two.—February 17, 1927.]

PAUL SCHAINMAN, Appellant, v. I. M. SOMMER et al., Respondents.

[1] PARTNERSHIP—ACCOUNTING—FINDING — EVIDENCE. — In an action for dissolution of a partnership and for an accounting, the finding of the trial court that the parties had entered into a partnership agreement (which finding plaintiff claims the court erred in making) was justified, where the parties in a subsequent agreement headed and named "Agreement to Dissolve Partnership" regarded a partnership as existing between them, and plaintiff's complaint and the prayer thereof showed that the arrangement between the parties was a partnership.

[2] ID. — DIVISION OF LOSSES — CONTRACTS — CONSTRUCTION — SECTION 2404, CIVIL CODE.—Where the provision in a partnership agreement relating to division of losses between the parties was insufficient to cover more than one-half of what proved to be the actual losses, in making the division of losses it was proper to follow the agreement of the parties so far as they had expressly stipulated and thereafter to the extent that they had not stipulated to apportion the losses, as provided by section 2404 of the Civil Code, in the same proportion as the parties had agreed to divide the profits.

---

(1) 30 Cyc., p. 360, n. 64.    (2) 30 Cyc., p. 691, n. 50.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hilton & Christensen for Appellant. ·

Nat Schmulowitz and Peter S. Sommer for Respondents.

KOFORD, P. J.—This is an appeal by plaintiff in an action of partnership dissolution and accounting resulting in a judgment in favor of defendant Sommer and against plaintiff for $4,651.45. In this opinion we will use the word "defendant" as referring to defendant Sommer alone. The record on appeal is the judgment-roll alone. The par-

ties entered into a written agreement November 5, 1920, which is the agreement found to be the partnership agreement. Another agreement was entered into by the parties dated February 1, 1923, called by the parties "Agreement to Dissolve Copartnership." These two agreements are shown in the judgment-roll as exhibits to plaintiff's complaint. The court took and settled the account between the two parties and gave its findings and judgment as stated above.

Appellant claims that the court erred in so finding and deciding. He claims the agreements show that the parties were not copartners. He further claims upon this appeal that under said agreements he was not liable for losses beyond the amount of his investment, to wit, $15,000.

The agreement of November 5th does not use the word "copartnership," but it provides for the carrying on of a general contracting business by the defendant under the "fictitious firm name and style of I. M. Sommer & Co." It provides that plaintiff's name shall not be used in the business transactions; that he shall put up $15,000 to be used in said business; that profits shall be divided one-third to plaintiff and two-thirds to defendant; that profits shall accumulate until defendant's share thereof shall equal plaintiff's $15,000 (par. 4, sec. d). It also provides in paragraph 5 that losses resulting from said business shall be borne by the parties in the following manner, to wit: "(a) The party of the second part is to bear all losses up to the amount of his invested capital, to-wit, fifteen thousand (15,000.00) dollars, plus the amount of any profits that said party of the second part may have drawn, or to which he may be entitled at the time of said losses. (b) The party of the first part is to bear all losses up to the amount of his invested capital, plus the amount of any profits said party of the first part may have drawn or to which he may be entitled at the time of said losses. (c) The above division of losses is to be in effect only so long as the party of the first part has not fifteen thousand ($15,000.00) dollars invested in the business, as set forth in paragraph four, section (d). After said party of the first part has a credit of fifteen thousand ($15,000.00) dollars invested in the business as set forth in paragraph four, section (d), then the share of losses

arising in said general contracting business shall be borne equally by the parties hereto.''

[1] The evidence which may have shown how the parties acted under this agreement is not before us as it was before the trial court, but the agreement of February 3d made and signed by the parties shows how they regarded the first agreement. It is headed and named ''Agreement to Dissolve Partnership'' and reads ''Whereas, the parties above named have been conducting a general contracting business as co-partners under the fictitious name and style of I. M. Sommer & Co., etc.,'' and ''Whereas, said copartnership arrangements were set forth in that certain agreement dated the 5th day of November, 1920,'' and throughout the entire agreement the business arrangement is referred to as a co-partnership. If there was any uncertainty about the first agreement constituting a copartnership, that uncertainty has been made certain by the construction placed upon it by the parties. (*Kennedy* v. *Lee,* 147 Cal. 596 [82 Pac. 257]; *Mitau* v. *Roddan,* 149 Cal. 1 [6 L. R. A. (N. S.) 275, 84 Pac. 145]; *Kales* v. *Houghton,* 190 Cal. 294 [212 Pac. 21].)

Furthermore, plaintiff's complaint alleges and repeats the allegation in many paragraphs that the arrangement was a copartnership. His prayer is, among other things, ''that the copartnership be dissolved and an accounting be made and,'' etc. The partnership is admitted by the defendant's answer and it is impossible to see how the court could have made any different finding than the one made. It was not an issue in the case under the pleadings.

[2] Plaintiff also complains that by this judgment he was made to pay for losses in excess of what he agreed to in paragraph 5, subdivision (a), quoted above. The method of arriving at this judgment is shown in exhibit No. 1, attached to the court's findings. The $15,000 having been exhausted in paying losses, defendant advanced some $17,000 in payment of further losses. The court made defendant responsible for about $5,000 of this on account of inventory, assets on hand and profits withdrawn. The balance was charged two-thirds to defendant and one-third to plaintiff, making the amount of the judgment given. It is true that in this way plaintiff paid more than specified in paragraph 5 (a), above quoted. Plaintiff wholly over-

looks that he also promised and agreed with defendant that defendant's contribution to losses should be as stated in paragraph 5 (b). But all the debts had to be paid, despite the fact that the parties expressly provided for the payment of less than one-half of what proved to be the actual losses. Section 2404 of the Civil Code reads as follows: "An agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated." Plaintiff claims the implied agreement is not available because the parties had "otherwise expressly stipulated," but the stipulation did not cover all the losses. In making the division of losses here the court followed the agreement of the parties so far as they had expressly stipulated and thereafter and to the extent they had not stipulated the court apportioned the losses in the same proportion as the parties had agreed to divide profits. In so doing it correctly followed the implied agreement declared in Civil Code, section 2404.

The judgment appealed from and the order denying a new trial are affirmed.

Sturtevant, J., and Nourse, J., concurred.